COLUMBUS BD. ED. v. CITY OF COLUMBUS.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1615.   Decided Oct. 27, 1927.

First Publication of This Opinion.

Syllabus by Editorial Staff.

**1100a. STARE DECISIS.**
Where judgment of Supreme Court rests upon concurrence of less than majority, such judgment is binding only in that particular case, as an adjudication, and is not binding in other cases.

**973. PUBLIC UTILITIES—159. Board of Education—799. Municipalities—291. Constitutional Law.**
Section 3963 GC., at least so far as it requires municipalities to furnish water to Boards of Education free of cost, is irreconcilable and in direct conflict with Section 4, Article XVIII of the constitution.

Error to Common Pleas.
Judgment affirmed.

Edward C. Turner, Atty. Gen. and Chas. F. Ohl, Columbus, for Bd. of Ed.

Chas. A. Leach, City Atty. and John L. Davis, Asst. City Atty., Columbus, for City of Columbus.

STATEMENT OF FACTS.

The City of Columbus brought suit to recover for water furnished by the Municipal Water Works Plant to the Board of Education.

This action involves the constitutionality of Section 3963 GC. The judgment below was in favor of the city.

This identical question was presented to the Supreme Court in the case of the City of East Cleveland v. Board of Education, 112 OS. 607.

The lower courts, in this case, declared the statute constitutional and discharged the Board of Education from liability. The judgment of the Court of Appeals, sustaining the constitutionality of the statute, was affirmed in the Supreme Court by the concurrence of two judges—five judges dissenting.

BY THE COURT.

"The question of stare decisis has been argued. Whatever may be the binding effect of a decision of the Supreme Court, in the same court, in a subsequent case, we are not called upon to decide, but in the very nature of superior and inferior courts, the latter should follow adjudicated cases by the higher court when the judgment of the higher court rests upon the concurrence of a majority of the judges, but we are of opinion that, where the judgment of the Supreme Court rests upon the concurrence of less than a majority, that such judgment is binding only in that particular case, as an adjudication, but is not binding in other cases, under the rule of stare decisis.

Both the prevailing and dissenting opinions are able and comprehensive. We will not assume to review either of these opinions, but only to state the trend of judgment of this court as to which of the two opinions is sound and represents, in our judgment, a correct interpretation of the constitutional question presented.

When the Legislature had jurisdiction not only to regulate schools but to prescribe the powers of municipalities, Section 3963 GC. would be constitutional. The Legislature might, at that time, with one hand take a certain power from the municipality and add it to the powers of the Board of Education, but with the amendments of 1912, the municipality has granted certain corporate rights, these rights being safeguarded by the constitution and protected as against inconsistent statutes enacted by the Legislature.

To make this proposition plain, it may be stated that the Legislature may authorize Boards of Education to purchase or secure supplies for the public schools, but the Legislature can not require dealers to furnish these supplies free of charge. The latter would violate the constitutional rights of the individuals concerned. By the amendments to the constitution in 1912, municipal corporations were given a constitutional status in certain respects.

Section 4, Article XVIII of the constitution gives to the municipality exclusive control over its public utilities and the express right to make contracts for the products and service of such utility. The Legislature can not, therefore, invade these constitutional rights of the municipality.

Section 3963 GC, at least so far as it requires municipalities to furnish water to Boards of Education free of cost, is irreconcilable and in direct conflict with Section 4, Article XVIII of the constitution above quoted.

We are therefore of opinion that the majority opinion of the Supreme Court in the East Cleveland case should be approved, and that Section 3963 GC., so far as it assumes to require the furnishing of water to the Board of Education free of cost, is unconstitutional and void."

(Ferneding, Kunkle and Allread, JJ., concur.)